Rockingham,
No. 4571.

STATE *v.* KENNETH W. BALL.

Argued May 7, 1957.

Decided May 31, 1957.

*Louis C. Wyman,* Attorney General and *William E. Lovejoy,* Law Assistant ( *Mr. Lovejoy* orally), for the State.

*Robert Shaw* (by brief and orally), for the defendant.

WHEELER, J. The defendant contends that the indictments do not meet the requirements of our Constitution, Part I, *Art.* 15th, in that said indictments do not "fully, plainly, substantially and formally describe the offense alleged"; do not "allege or set forth the facts necessary to a fair and full description of the offense charged"; "so describe the alleged offense as to cause uncertainty as to the matters relied upon in support of the indictment" and are "a statement of legal conclusions, and . . . not a positive, direct and sufficient statement of the alleged offense to substantially, plainly, and fully describe the acts alleged to have been committed by the defendant."

" 'The Anglo-Saxon idea of an indictment came from the technical rules of pleading in civil actions adopted centuries ago. It lost sight entirely of that part of the procedure which related to proof, and sacrificed everything for a scientific system of allegations.' 24 Harv. L. Rev. 290, 294. In the light of modern conditions any complaint or indictment should be considered adequate if it informs the defendant 'of the nature and cause of the accusation with sufficient definiteness' so that he can prepare for trial." *State* v. *Rousten,* 84 N. H. 140, 142, 143; *State* v. *Story,* 97 N. H. 141, 146. The defendant contends that the words "feloniously incite, move, procure and counsel" are general accusations and insufficient to properly prepare him to meet such proof as may be offered by the State. It is almost universally held that an indictment of an

accessory to a crime does not require that the means and specific facts by which the alleged accessory procured, aided and abetted in the commission thereof be set forth. *Coffin* v. *United States,* 156 U. S. 432; 27 Am. Jur., Indictments and Informations, *s.* 97, *p.* 657. A defendant is not entitled in an indictment to information as to how the State is to prove its case. *State* v. *Ellard,* 95 N. H. 217, 220; *State* v. *Twarog,* 97 N. H. 101.

The defendant further contends the indictment is defective because it contains no averment of time. The indictments charge the principal with committing the offenses on December 29, 1956, at Portsmouth and after reciting the charge against the principal conclude with these words "and the Grand Jurors . . . further present that Kenneth W. Ball of Portsmouth, in said County, at Portsmouth, did feloniously incite, move, procure and counsel him, the said [principal], the said felony to do and commit . . . . " The "said felony" was averred to have been committed on a day certain prior to returning the indictment. The plain import of the indictment is that the offense of the accessory was committed prior to commission of the principal crime and prior to the finding of the indictment. It is therefore sufficient. *State* v. *Pratt,* 14 N. H. 456, 458; *State* v. *Perkins,* 70 N. H. 330. Under the better practice however, the indictment should allege a date or dates when the offense is charged to have been committed and that it occurred prior to commission of the principal crime. Justice & Sheriff (1931) 398.

*Exceptions overruled.*

All concurred.